A. B. McMILLAN v. J. A. ROBESON.

(Filed 17 December, 1945.)

**Trial ss 52, 53—**

In an action by a husband to recover from his deceased wife's brother a large amount of miscellaneous personalty, consisting of household furniture, silver, jewelry, etc., mostly given to plaintiff and/or his wife upon their marriage, there being no children of the marriage and the defendant claiming the property as administrator of deceased and setting up the statute of limitations, where the court, acting by consent without a jury, gave judgment for the plaintiff, upon evidence partly inconclusive as to ownership, without findings on the various items, there is error and the cause is remanded for further hearing, as it is the function of the court, however tedious the process, to make findings in accordance with the evidence and to pass upon the applicability of the statute of limitations.

APPEAL by defendant from *Nimocks, J.,* in Chambers, 24 March, 1945, as of March Term, 1945, of CUMBERLAND.

*Cook & Cook and James R. Nance for defendant, appellant.*
*Robert H. Dye for plaintiff, appellee.*

SEAWELL, J. The plaintiff brought this action for the recovery of personal property, and at the same time invoked the ancillary proceeding of claim and delivery to obtain possession *pendente lite*. Under the claim and delivery a large quantity of miscellaneous property was taken, as appears from the returns of the sheriff.

The plaintiff attached a schedule to his complaint, in which the property claimed is listed, and which also contains such descriptive matter as he desired to furnish. A similar inventory and description is found in the affidavit in the claim and delivery proceeding.

The defendant denied plaintiff's title and right to the possession of the property, alleged that he was in rightful possession thereof as administrator of Eliza Hill Robeson (a sister of defendant and of the plaintiff's deceased wife, Mary Fuller Robeson McMillan), who, up to her death, held the property, as her own, under the will of Mrs. McMillan. Defendant further pleaded the three-year statute of limitation, alleging that Miss

Robeson had held the property as her own for more than six years, and the administrator for an additional three months, before the institution of action for its recovery.

The property in dispute consists largely of miscellaneous items of house furniture and furnishings claimed by plaintiff to have been bought and paid for by him upon his marriage and at various times during their married life, for the common use of himself and wife, and of valuable wedding presents presented to either or both of them upon the marriage. The inventory includes such items as beds, tables, chairs, rugs, vases, radio, stoves; silver tableware, pitchers, cups, silver and gold bowls, platters, glassware, diamond rings, and other items of an extensive inventory.

The matter was heard by Nimocks, J., by consent of parties without a jury, and resulted in a finding of facts, conclusions of law and judgment for plaintiff for the property, substantially as claimed, an inventory of which is set out in the judgment.

The defendant objected, excepted and appealed from the judgment, assigning errors.

The evidence taken before the judge discloses that Mary Fuller Robeson and plaintiff were married in 1924. Mrs. McMillan died in 1936, leaving a purported will, in which she gave all her property to her sister, Miss Robeson. The will is a holograph, without witnesses to its execution, and, according to the record, admitted to probate on the oath of only two witnesses as to the handwriting and other facts of proof required by G. S., 31-18.2. The plaintiff objected to the introduction of the purported will, and the objection was overruled. Since plaintiff finally prevailed, he did not appeal. Whether he thus waived his objection to the will, we do not find it within the scope of our decision to determine. During their married life they lived at 323 Person Street, in Fayetteville. Miss Eliza Hill Robeson lived with them, and after the death of Mrs. McMillan, both Miss Robeson and plaintiff continued to live there for three or four years, when plaintiff married again and moved away. Miss Robeson died in October, 1943, and her brother, the defendant, administered on her estate.

The plaintiff, for identification of the property he claims, depended largely upon its location at a particular time—the period during which he lived in the house at 323 Person Street, and, in part, its location there at the time the claim and delivery was issued. However, upon the trial, he gave descriptions, tallying, for the most part, with the property taken under the claim and delivery proceeding, although leaving ambiguity as to other items.

The defendant in his brief bases his objection to the findings of fact and conclusions of law made by Judge Nimocks upon the following

specifications: First, that the action is barred by the three-year statute of limitations, and the judge should have' so held; second, that there is no estate by entirety in personal property in North Carolina, and the evidence disclosed a joint tenancy in much of the property claimed by plaintiff; third, that the action instituted was not a proper action to obtain possession of property so held; fourth, that the property was not sufficiently described in the pleadings and the evidence to justify a taking thereof; and contends that there is no evidence to support the findings of fact or conclusions of law.

Coming to the question of ownership and title, there are a number of items constituting a substantial part of the property as to which the plaintiff himself testified that either he or others had given to Mrs. McMillan, or that they had been given to them jointly, and in many instances the evidence of the plaintiff with regard to such ownership was the only evidence before the court.

It appears from the evidence that there were no children born to the McMillan marriage, and that there is no person, other than those before the court, now directly interested in the property, unless the widow of a deceased brother, Audrey Robeson, now a resident of Virginia, is so interested. Except for a consideration of the will, the evidence with regard to the acquisition of the property and the testimony of the plaintiff containing inferences of ownership of a part thereof, or interest therein, by Mrs. Mary Fuller McMillan, might be of no advantage to the defendant in view of the rights of the husband under G. S., 28-149.9. The will, however, was obviously under consideration of the court in making its findings, and it cannot be ignored here.

We have, then, this situation presented on the appeal: An examination of the evidence discloses that as to a number of items in the inventory exhibited by plaintiff and listed by the court in the judgment, the objection based on indefiniteness of description may indeed be well founded; and as to others, the objection may not be so well based. It further appears from the testimony of the plaintiff that some of the articles now claimed were given by him to his former wife, with little or no inference anywhere to the contrary; and the evidence is contradictory as to a number of other items as to which, of course, the judge hearing the matter had the right to find in accordance with the weight of the evidence as it impressed him. Plaintiff is entitled to recover in this case, at most, only those items as to which he has shown exclusive title.

However, the evidence, taken as a whole, is of such a nature and so interconnected that the Court does not feel that it could, with propriety, single out and classify these items or the items in the extensive inventory here presented which were improperly dealt with on the trial and those as to which the finding of the court was supported by evidence, and make

an award here or there upon such classification without intruding on the offices of the jury. *Imprimis,* that was the function of the court below, which acted both as judge and jury; and however tedious the process, it should be performed in the orderly procedure of the trial.

At present, the Court does not feel that it is in position to determine the applicability of the statute of limitations to plaintiff's action, and must leave that to the court below to decide upon the evidence as it may then appear.

There was error in the trial in the respects pointed out, of such character as to warrant a trial *de novo.* It is so ordered.

Error and remanded.